UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JENNIFER HOUSMAN,<br><br>Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC., FACEBOOK, INSTAGRAM, TIKTOK INC., X CORP., formerly known as Twitter, and REDDIT INC.<br><br>Defendants. | Case No. 2:25-cv-00731-CDS-EJY<br><br>**ORDER** |

Pending before the Court is Plaintiff's application to proceed *in forma pauperis* ("IFP") and Civil Rights Complaint. ECF Nos. 1, 1-1. Plaintiff's IFP application is complete and is granted below. Plaintiff's Complaint fails to state a claim upon which relief may be granted and is dismissed without prejudice and with leave to amend.

**I.    Screening Standard**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening a complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).

To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Courts liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship*

*v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted).  Although the standard under Federal Rule of Civil Procedure 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A formulaic recitation of the elements of a cause of action is insufficient.  *Id.*  Unless it is clear the complaint's deficiencies cannot be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies.  *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**II.     Discussion**

   **A.     Summary of Plaintiff's Complaint.**

Plaintiff's Complaint alleges Defendants Meta, TikTok, X, and Reddit violated her First Amendment rights when each apparently prevented certain content Plaintiff attempted to post on Defendants' respective platforms from appearing on those publicly available platforms.  ECF No. 1-1.  Plaintiff says her "posts were removed or suppressed without clear violation of community guidelines …."  *Id*. at 2.  Plaintiff alleges contents of her posts were "flagged as misinformation or 'against community standards' despite containing no harmful, abusive, or illegal material."  *Id*.  Plaintiff further alleges on information and belief that her "accounts were subject to algorithmic throttling and/or inclusion on restricted content watchlists that operated in partnership with third-party 'fact-checkers' or government programs."  *Id*.  Plaintiff seeks declaratory judgment, injunctive relief, to compel discovery of information, compensatory damages, and her legal fees.  *Id*. at 3.

   **B.     Plaintiff Fails to State a First Amendment Claim.**

The First Amendment states that "Congress shall make no law ... abridging the freedom of speech."  U.S. Const. amend. I.  Within its scope, the First Amendment provides protection for free speech, with an important limitation that "prohibits only *governmental* abridgment of speech" and "does not prohibit *private* abridgment of speech."  *Manhattan Cmty. Access Corp. v. Halleck*, 587 U.S. 802, 808 (2019); *see also Prager Univ. v. Google LLC*, 951 F.3d 991, 996 (9th Cir. 2020).  "By enforcing [the] constitutional boundary between the governmental and the private, the state-action doctrine" developed by the Supreme Court to distinguish government from private action "protects a robust sphere of individual liberty."  *Halleck*, 587 U.S. at 808; *accord Lugar v. Edmondson Oil*

*Co.*, 457 U.S. 922, 936 (1982) ("Careful adherence to the 'state action' requirement preserves an area of individual freedom by limiting the reach of federal law and federal judicial power.").

Beginning with the obvious, Meta, TikTok, X, and Reddit are private corporations, not government agencies. While a private party can be treated as a state actor for constitutional purposes (*O'Handley v. Weber*, 62 F.4th 1145, 1155-56 (9th Cir. 2023)), that private party must meet two distinct requirements: (1) the "state policy" requirement, and (2) the "state actor" requirement. *Wright v. Service Emps. Int'l Union Loc. 503*, 48 F.4th 1112, 1121 (9th Cir. 2022); *Lugar*, 457 U.S. at 937; *O'Handley*, 62 F.4th at 1156.

To satisfy the state policy requirement, the alleged constitutional deprivation must result from "the exercise of some right or privilege created by the State" or "a rule of conduct imposed by the State or by a person for whom the State is responsible." *Lugar*, 457 U.S. at 937. To satisfy the state actor requirement, the party must "fairly be said to be a state actor," *id.*, which requires that it meet one of four tests: (1) the private actor performs a traditionally public function, *Halleck*, 587 U.S. at 804; (2) the private actor is a "willful participant in joint activity" with the government, *Lugar*, 457 U.S. at 941 (quoting *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 152 (1970)); (3) the government compels or encourages the private actor to take a particular action, *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982); or (4) there is a "sufficiently close nexus" between the government and the challenged action. *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 351 (1974).

The test for state action "ensures that not all private parties 'face constitutional litigation whenever they seek to rely on some state rule governing their interactions with the community surrounding them.'" *Collins v. Womancare*, 878 F.2d 1145, 1151 (9th Cir. 1989) (quoting *Lugar*, 457 U.S. at 937). In all, both components ask the Court to evaluate whether the nature of the relationship between the private party and the government is such that "the alleged infringement of federal rights is fairly attributable to the [government]." *Pasadena Republican Club v. Western Just. Ctr.*, 985 F.3d 1161, 1167 (9th Cir. 2021) (alteration in original) (quoting *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999)). In other words, a plaintiff must allege facts supporting an inference that the government "is *responsible* for the specific conduct of which the

plaintiff complains." *Ohno v. Yasuma*, 723 F.3d 984, 994 (9th Cir. 2013) (quoting *Blum*, 457 U.S. at 1004).

The Court first looks to whether the "'source of the alleged constitutional harm'" is "a state statute or policy." *Belgau v. Inslee*, 975 F.3d 940, 947 (9th Cir. 2020) (quoting *Ohno*, 723 F.3d at 994). This requirement is satisfied when a private institution "enforce[s] a state-imposed rule" instead of "the terms of its own rules." *O'Handley*, 62 F.4th at 1156. Here, Plaintiff alleges that each of the Defendants wrongfully enforced their own rules—community standard rules—despite Plaintiff's assertion that she did not violate those rules. Plaintiff fails to allege a single fact demonstrating that any action, let alone a specific action, taken by Meta, TikTok, X, or Reddit was traceable or even attributable to some right or privilege created or imposed by the government or by a person for whom the government is responsible. *See* ECF No. 1-1. Plaintiff also does not allege that any Defendant performed a traditionally public function. Indeed, there is nothing available to the Court demonstrating the private entities Plaintiff sues could meet this standard. Finally, Plaintiff alleges no facts whatsoever demonstrating that any Defendant was a willful participant in joint activity with the government. Under these circumstances, Plaintiff fails to state a claim under the First Amendment. As for Count II of her Complaint—Civil Conspiracy to Suppress Constitutionally Protected Speech, Plaintiff's claims fail for the same reason stated above. Plaintiff's Count III seeks Declaratory Relief, which is not a cause of action.

### III. Order

Accordingly, IT IS HEREBY ORDERED that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Complaint (ECF No. 1-1) is dismissed without prejudice and with **one** opportunity to amend. Plaintiff is advised to review the standard for stating a First Amendment claim explained above. Plaintiff must allege sufficient facts to establish state action by each Defendant she names.

Plaintiff may wish to consider that she has a breach of contract claim under the terms of use published by each of the Defendants, which action can be brought in the Eighth Judicial District Court for Clark County, Nevada.

1    IT IS FURTHER ORDERED that if Plaintiff chooses to file an amended complaint, she must do so no later than **May 16, 2025**.  The filing must be titled "Amended Complaint" and must be on the Court's form.  Failure to file an Amended Complaint on or before May 16, 2025 that complies with the instructions in this Order may result in a recommendation to dismiss this case in its entirety.

IT IS FURTHER ORDERED the Clerk of Court must send Plaintiff a copy of the Court's Civil Rights Complaint form and instructions for completing the same.

Dated this 29th day of April, 2025.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE