UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Jennifer Housman,<br><br>          Plaintiff<br><br>v.<br><br>Meta Platforms Inc., et al.,<br><br>          Defendants | Case No. 2:25-cv-00731-CDS-EJY<br><br>**Order Overruling Plaintiff's Objection and Adopting the Magistrate Judge's Report and Recommendation**<br><br>[ECF Nos. 5, 6] |

   Plaintiff Jennifer Housman filed this lawsuit against Meta Platforms Inc., TikTok, Reddit, and X, alleging violations of her rights under the First Amendment. Compl., ECF No. 1-1. In brief, Housman alleges that these social media platforms engaged in "repeated censorship, shadow banning, and account restriction" in violation of her right to free speech. *Id.* at 2. Because Housman is proceeding *in forma pauperis*, United States Magistrate Judge Elayna Youchah screened the complaint pursuant to 28 U.S.C. § 1915(e)(2). Order, ECF No. 3. Therein, Judge Youchah finds that Housman fails to state a claim under the First Amendment. She explains that "the First Amendment provides protection for free speech, with an important limitation that 'prohibits only *governmental* abridgment of speech' and 'does not prohibit *private* abridgment of speech.'" *Id.* at 2 (emphasis in original) (citing *Manhattan Cmty. Access Corp. v. Halleck*, 587 U.S. 802, 808 (2019). However, Judge Youchah allowed Housman one opportunity to amend her complaint to allege facts demonstrating that the government is responsible for the specific conduct of which she complains. *Id.* at 4. Housman filed an amended complaint on May 15, 2025. Am. compl., ECF No. 4. Judge Youchah's latest report and recommendation (R&R) finds that Housman's amended pleading "fails to allege a single fact demonstrating that any action, let alone a specific action, taken by Meta, TikTok, or X was traceable or even attributable to some right or privilege created or imposed by the government or by a person for whom the

government is responsible." R&R, ECF No. 5 at 3. She therefore recommends that I dismiss Housman's amended complaint without leave to amend. *Id.* Housman objects to the recommendation of dismissal. Obj., ECF No. 6. Because Housman has not demonstrated that the magistrate judge's findings and recommendations are clearly erroneous or contrary to law, the objection is overruled and accept the R&R in its entirety.

I.      **Standard of Review**

A district judge "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where a party objects to a report and recommendation, the court "shall make a de novo determination of those portions of the report which objection is made." *Id.*; *see also* Local Rule IB 3-2(b). However, if no objections are filed, the district court need not conduct a de novo review. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Under the de novo standard, the magistrate judge's findings and recommendations are independently reviewed to determine whether they are clearly erroneous or contrary to law. A magistrate judge's order is "clearly erroneous" if the court has "a definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *Burdick v. Comm'r*, 979 F.2d 1369, 1370 (9th Cir. 1992). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law[,] or rules of procedure." *UnitedHealth Grp., Inc. v. United Healthcare, Inc.*, 2014 WL 4635882, at *1 (D. Nev. Sept. 16, 2014).

II.     **Discussion**

Judge Youchah recommends that Housman's amended complaint be dismissed without prejudice for failure to state a claim. R&R, ECF No. 5. I agree with Judge Youchah's recommendation because a review of the pleadings shows that amendment would be futile. *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) (holding that amendment is futile if "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense."). In her objection, Housman admits that she "now

understands that the First Amendment applies only to government actors." Obj., ECF No. 6 at 2. However, she requests that I reconsider the recommendation to dismiss so that she may refile under alternative and appropriate legal theories. *Id.* A dismissal without prejudice allows a plaintiff an opportunity to re-file their case with the court, under a new case number, or so that they may re-file claims in state court. Housman is free to file a new action with new legal theories if she wishes, but she is not permitted to use a second amended complaint in this action as the channel to pursue a new lawsuit. Housman also asks the court for clarification or guidance regarding jurisdiction for her potential false advertising, consumer fraud, breach of contract, or deceptive business practices claims. *Id.* However, the court cannot provide an advisory opinion or give a party legal advice. *See, e.g., Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83 (1998) (noting that federal courts lack authority to issue advisory opinions). For those reasons, I overrule Housman's objection and accept Judge Youchah's R&R in full.

### III. Conclusion

IT IS HEREBY ORDERED that Housman's objection **[ECF No. 6] is overruled**, and the magistrate judge's report and recommendation **[ECF No. 5] is accepted and adopted in its entirety**.

This case is dismissed without prejudice. The Clerk of Court is kindly directed to enter judgment accordingly, and to close this case.

Dated: July 2, 2025

_____
Cristina D. Silva
United States District Judge